UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CR-158 |
| ) | (PHILLIPS/GUYTON) |
| DONTAE PAUL SMITH, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Pending before the Court is the defendant's Motion To Suppress Evidence [Doc. 14]. The Court has conducted an evidentiary hearing, and the parties have filed post-hearing briefs [Docs. 25, 26 and 27]. The Court, however, finds that oral argument, as well as possible supplementation of the evidence in the record is needed. Accordingly, the Court will schedule oral argument, and the Court will give the parties leave, if they choose to do so, to make any additional filing on or before July 14, 2008. The Court requests that the parties be prepared to address the following matters:

> 1. Did the police officers have the right to approach the defendant and obtain his identity without implicating the Fourth Amendment (see, United States v. Jackson, 2006 WL 1474026, at page 3);
>
> 2. What was the specific sequence of the following, alleged events in the present case:
>
>> (a) Questioning of defendant regarding shots fired;
>> (b) Seizure of defendant;
>> (c) Questioning of defendant regarding his identity and obtaining his identity;

(d) Search of blue car and recovery of ammunition;
(e) Discovery of outstanding arrest warrant on defendant;
(f) Placement of defendant under arrest;
(g) Search of blue car and recovery of guns; and
(h) Statements by defendant regarding ammunition and guns.

3. What specific facts in the record constitute reasonable, objective suspicion that the defendant may have been connected with criminal activity to justify seizure of his person? Or of the blue car?

4. If a protective pat down of the defendant was justified under all of the circumstances in this case, and that pat down revealed no weapons or contraband, upon what specific factual basis were the officers justified in conducting a search of the blue car?

5. What was the disposition of the blue car following the arrest of the defendant?

6. Does the KPD have a policy to conduct inventory search of vehicles? And if so, did policy apply in the present case?

7. Does inevitable discovery apply to the ammunition and/or guns found in the blue car?

The matters raised by the Motion To Suppress are not ripe for adjudication due to the need for oral argument, and therefore, all time between the filing of the Motion To Suppress and the oral argument shall be fully excludable. 18 U.S.C. § 3161(h)(1)(F).

**IT IS SO ORDERED.**

ENTER:

  s/ H. Bruce Guyton  
United States Magistrate Judge